**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ENDREW F., a minor, by and through
his parents and next friends, JOSEPH
F., and JENNIFER F.,

      Plaintiffs - Appellants,

v.

DOUGLAS COUNTY SCHOOL
DISTRICT RE-1,

      Defendant - Appellee.

No. 14-1417
(D.C. No. 1:12-CV-02620-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Chief Judge, **KELLY**,[**] and **PHILLIPS**, Circuit
Judges.[***]

---

    This matter is before us on remand from the Supreme Court. *See Endrew*

*F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, 137 S. Ct. 988 (2017).

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

    [**] The Honorable Harris L Hartz was on the original panel for this matter.
The Honorable Paul J. Kelly has now joined in substitution.

    [***] After examining the supplemental briefs filed in this matter, this three-
judge panel has determined unanimously that oral argument would not be of
material assistance in the determination of this appeal. See Fed. R. App. P. 34(a);
10th Cir. R. 34.1(G).

The Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq.*, requires public schools to provide students with disabilities a free and appropriate public education (FAPE). If a school cannot meet the educational needs of a disabled student, the student's parents can place the child in private school and seek reimbursement of tuition and related expenses.

The parents of appellant Endrew F., a child with autism, decided he was not making meaningful progress in the schools of appellee Douglas County School District. They therefore withdrew him from the District and enrolled him in a private school specializing in educating autistic children. The parents then turned to the District for reimbursement of Endrew's private-school tuition and related expenses, contending the reimbursement was due because the District had failed to provide Endrew with a FAPE. After an administrative law judge (ALJ) denied their request, the parents sought review of the ALJ's decision in federal court. The district court affirmed the ALJ, and the parents appealed to this court. *Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, 798 F.3d 1329 (10th Cir. 2015).

Endrew's parents argued that the district had failed to comply with the IDEA's procedural requirements, and that the individualized education program (IEP) developed by those procedures was not substantively adequate. We disagreed, and affirmed the district court's rulings on both the procedural and

substantive challenges.  *Id.* at 1338 (finding no procedural defect); *id.* at 1343 (finding no substantive defect).

But the Supreme Court reversed our judgment, holding that in order "[t]o meet its substantive obligation under the IDEA, a school must offer an IEP reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances."  *Endrew*, 137 S. Ct. at 999.  The Court clarified that "this standard is markedly more demanding than the 'merely more than *de minimis*' test applied by the Tenth Circuit."  *Id.* at 1000.

We therefore vacate our prior opinion, and remand to the United States District Court for the District of Colorado for further proceedings consistent with the Supreme Court's decision.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge